IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDRE MAURICE,<br>　　　*Plaintiff*<br><br>-vs-<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE,<br>　　　*Defendant* | §<br>§<br>§　　SA-21-CV-00681-XR<br>§<br>§<br>§<br>§<br>§ |

## ORDER

On this date, the Court considered Plaintiff's Motion for a Preliminary Injunction. ECF Nos. 9, 10. After careful review, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

This case arises from Defendant United States Patent and Trademark Office's (USPTO) suspension of Plaintiff Andre Maurice's trademark application of the term FEYONCE. Maurice operates FEYONCE, a registered business in Texas. In November 2015, Maurice attempted to register FEYONCE as a trademark, but the application was suspended because the USPTO found the term was confusingly similar to the registered trademark BEYONCÉ, owned by popstar Beyoncé Knowles-Carter. ECF No. 1 at 2. Maurice alleges the suspension violates his civil rights and property rights. Maurice contends that the USPTO's denial due to likelihood of confusion is not valid because in a prior lawsuit between Maurice and Knowles-Carter, the Southern District of New York denied summary judgment as to whether FEYONCE is confusingly similar to BEYONCÉ and the two parties eventually settled. *Id.* at 5–6. In light of this resolution, Maurice asserts that the USPTO's continuing denial of the trademark constitutes discrimination in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986; 15 U.S.C. §§ 45, 1125; and 25 C.F.R § 11.448(b). *Id.* at 8–17. Maurice further alleges that the USPTO has accepted other trademark

1

applications for the term FEYONCE BAE Z, and that there is currently a pending application for the term FEYONCE. *Id.* at 6; ECF No. 10 at 6. In his motion for a preliminary injunction, Maurice requests the Court to enjoin USPTO from 1) considering any current or future trademark applications for the term FEYONCE and 2) stop the sale and use on products bearing the FEYONCE mark by the online retailer Etsy.[1] ECF No. 9 at 1.

## ANALYSIS

To be entitled to a preliminary injunction, the movant must establish four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998). When assessing the likelihood of success on the merits, courts look to standards provided by the substantive law. *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011) (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).

First, Maurice Maurice brings numerous claims for discrimination by USPTO under Title 42 of the US Code. However, suits against the federal government brought under civil rights statutes are barred by sovereign immunity. *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Maurice has not pled a valid waiver of sovereign immunity, and the USPTO has not waived its sovereign immunity. Thus, Maurice cannot demonstrate likelihood of success with respect to his civil rights claims.

Maurice additionally asserts a claim for violation of 15 U.S.C. § 1125, which provides a cause of action for trademark infringement. Section 1125(a)(1) provides that "[a]ny person who . . . uses in commerce any word, term, name, symbol, or device, . . . which . . . is likely to cause

---

[1] Etsy is not currently a party to this lawsuit.

confusion, or to cause mistake . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(A). In order to prevail on such a claim, "the plaintiff[] must allege a protectible right in the mark and alleged infringement through a likelihood of confusion." *Trans Tool, LLC v. Faulkner*, No. SA-19-CV-1304, 2021 WL 796161, at *3 (W.D. Tex. March 2, 2021). Maurice's Complaint does not allege that the USPTO has used the proposed mark, nor does it allege any such use caused confusion. Maurice fails to demonstrate likelihood of success as to his Section 1125 claim.

Maurice further asserts a claim under 15 U.S.C. § 45. However, this statute does not provide a cause of action for private litigants. *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978). Rather, it empowers the FTC to file actions for unfair or deceptive acts. Thus, Plaintiff is unlikely to succeed on such a claim.

Maurice's final claim is for a violation of 25 C.F.R. § 11.448(b). This regulation criminalizes the abuse of office that occurs on Native American land. *See id.*; 25 C.F.R. § 11.104 ("The regulations in this part continue to apply to each area in Indian Country listed in accordance with § 11.100."). This regulation is inapplicable to Maurice's claims, and therefore Maurice cannot demonstrate likelihood of success on such a claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction (ECF No. 9) is **DENIED**.

It is so ORDERED.

SIGNED this 17th day of November, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE