IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDRE MAURICE,<br>　　　　*Plaintiff*<br><br>-vs-<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE,<br>　　　　*Defendant* | §<br>§<br>§   SA-21-CV-00681-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

On this date, the Court considered Defendant United States Patent and Trademark Office's ("USPTO") motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim (ECF No. 13). After careful consideration, the Court **GRANTS** Defendant's motion.

## BACKGROUND

This case arises from Defendant USPTO's suspension of Plaintiff Andre Maurice's trademark application of the term FEYONCE. Maurice operates FEYONCE, a registered business in Texas. ECF No. 1 at 2. In November 2015, Maurice attempted to register FEYONCE as a trademark, but the application was suspended because the USPTO found the term was confusingly similar to the registered trademark BEYONCÉ, owned by popstar Beyoncé Knowles-Carter. *Id.* USPTO additionally refused to register the trademark because the term FEYONCE is a widely used term and ornamental, and therefore did not operate as an indication of the source of the goods as required by the Trademark Act Sections 1, 2, and 45, 15 U.S.C. §§

1

1051–52, 1127. *Id.* at 3; ECF No. 13-3 at 9.[1] The USPTO issued a Final Office Action in September 2019, finalizing the refusals. ECF No. 13-3.

In May 2020, Maurice appealed the USPTO's refusal to the Trademark Trial and Appeal Board ("TTAB"). ECF No. 13-4 at 4. On October 6, 2020, the TTAB affirmed USPTO's refusal for likelihood of confusion and for failure to function as a trademark. *Id.* at 1.

Maurice, proceeding *pro se*, alleges that the suspension violates his civil rights and property rights. Maurice contends that the USPTO's denial is unlawful because in a prior lawsuit between Maurice and Knowles-Carter, the Southern District of New York denied summary judgment as to whether FEYONCE is confusingly similar to BEYONCÉ, and the two parties eventually settled in December 2018. ECF No. 1 at 5–6, 22–23. In light of this resolution, Maurice asserts that the USPTO's continuing denial of the trademark constitutes discrimination in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, as well as violations of 15 U.S.C. §§ 45, 1125; and 25 C.F.R § 11.448(b). *Id.* at 8–17.

Defendant USPTO argues that this Court lacks jurisdiction over Maurice's civil rights and trademark claims and that Maurice has failed to state a claim for relief as to all other claims. ECF No. 13.

## DISCUSSION

### I.   The Court's subject matter jurisdiction

USPTO asserts that to the extent Maurice seeks review of the USPTO's refusal to register his trademark, such review is barred by the 63-day limitations period set forth under 37 C.F.R. § 2.145(d)(3). USPTO further argues that sovereign immunity bars Maurice's civil rights claims.

---

[1]   The Court, in analyzing Maurice's Complaint, considers the documents that are incorporated by reference into the Complaint. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'") (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

### a. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The party claiming federal subject matter jurisdiction has the burden of proving it exists." *Peoples Nat. Bank v. Office of Comptroller of Currency*, 362 F.3d 333, 336 (5th Cir. 2004). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

### b. Analysis

#### i. The Court lacks subject matter jurisdiction to the extent Maurice seeks review of the TTAB decision.

To the extent that Maurice seeks review of USPTO's refusal to issue a trademark, such claims are barred by limitations because his Complaint was not filed within 63 days of the TTAB's decision affirming the refusal to register. An applicant wishing to challenge a TTAB decision may avail himself of a "remedy by a civil action if commenced within such time after such decision, not less than sixty days, as the Director appoints." 15 U.S.C. § 1071(b). The time appointed to seek review of a TTAB final decision is "no later than sixty-three (63) days after the date of the final decision of the Trademark Trial and Appeal Board or Director." 37 C.F.R. § 2.145(d)(3). Under 37 C.F.R. § 2.145(e)(i)(2), the Director of the USPTO may extend the time for instituting a civil action upon written request after the expiration of the filing period "upon a showing that the failure to act was the result of excusable neglect."

The TTAB issued its final decision affirming the USPTO's refusal to issue on October 6, 2020. The 63-day filing period expired on December 8, 2020. Maurice commenced this action on July 19, 2021—well after the 63-day period. ECF No. 1. Furthermore, Maurice does not contend that he submitted any written request to bring a late-filed appeal. "[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007). As such, this Court lacks jurisdiction over Maurice's trademark claim, and it must be dismissed.

### ii. USPTO is entitled to sovereign immunity as to Maurice's civil rights claims.

Maurice brings numerous claims for discrimination by USPTO under Title 42 of the US Code. However, suits against the federal government brought under civil rights statutes are barred by sovereign immunity. *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Maurice has not pled a valid waiver of sovereign immunity, and USPTO has not waived its sovereign immunity. Thus, Maurice's civil rights claims are barred by sovereign immunity and must be dismissed.

## II.  Failure to state a claim

USPTO further asserts that Maurice's Complaint fails to state claims for violations of 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 45, and 25 C.F.R. § 11.448(b).

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

b. **Analysis**

Maurice's Complaint asserts additional statutory and regulatory claims for violations of 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 45, and 25 C.F.R. § 11.448(b). Each of Maurice's claims are insufficient to state a claim for relief, and the Court will discuss each in turn.

Maurice asserts a claim for violation of 15 U.S.C. § 1125 (a)(1)(A), which provides a cause of action for trademark infringement. Section 1125(a)(1) provides that "[a]ny person who . . . uses in commerce any word, term, name, symbol, or device, . . . which . . . is likely to cause confusion, or to cause mistake . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(A). In order to prevail on such a claim, "the plaintiff[] must allege a protectible right in the mark and alleged infringement through a likelihood of confusion." *Trans Tool, LLC v. Faulkner*, No. SA-19-CV-1304, 2021 WL 796161, at *3 (W.D. Tex. Mar. 2, 2021). Maurice's Complaint does not allege that the USPTO has used the proposed mark FEYONCE, nor does it allege any such use caused confusion. Consequently, Maurice's allegations have failed to set forth a claim under § 1125(a)(1)(A) and such a claim must be dismissed.

Next, Maurice asserts a claim under 15 U.S.C. § 45. However, this statute does not provide a cause of action for private litigants. *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978). Rather, it empowers the FTC to file actions for unfair or deceptive acts. Therefore, Maurice cannot bring a claim pursuant to § 45, and his claim must be dismissed.

Maurice's final claim is for violations of 25 C.F.R. § 11.448(b). This regulation criminalizes the abuse of office that occurs on Native American land. *See id.*; 25 C.F.R. § 11.104 ("The regulations in this part continue to apply to each area in Indian Country listed in

accordance with § 11.100."). This regulation is inapplicable to Maurice's claims, and his claim must be dismissed.

### III. Leave to Amend

As the Court has concluded that all of Maurice's claims should be dismissed, it now turns to whether Maurice ought to be given leave to file an amended complaint. Denying leave to amend is appropriate where amendment would be futile. *Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021). The Court finds amendment would be futile in this case because Maurice cannot show that he complied with the 63-day appeal period and has failed to assert any valid waiver of USPTO's sovereign immunity as to his civil rights claims. Furthermore, Maurice's claims pursuant to 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 45, and 25 C.F.R. § 11.448(b) are inapplicable to the facts alleged in his Complaint. Thus, amendment would not cure the deficiencies in Maurice's Complaint.

### CONCLUSION

For these reasons, Defendant USPTO's motion to dismiss (ECF No. 13) is **GRANTED**. Maurice's trademark and civil rights claims are **DISMISSED WITHOUT PREJUDICE**. Maurice's claims for violations of 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 45, and 25 C.F.R. § 11.448(b) are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter final judgment and to **CLOSE** this case. The Clerk is further **DIRECTED** to mail a copy of this order to Plaintiff Andre Maurice at 7210 Potranco Road, Ste. 1201, San Antonio, TX 78251.

It is so **ORDERED**.

**SIGNED** this 23rd day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE